ALLEN RUBY (SBN 47109)
Allen.Ruby@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

JAMES R. CARROLL (*pro hac vice* to be filed)
James.Carroll@skadden.com
CHRISTOPHER G. CLARK (*pro hac vice* to be filed)
Christopher.Clark@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Facsimile:   (617) 573-4822

Attorneys for Defendants
GTY Technology Holdings Inc.,
GTY Govtech, Inc., GTY Technology
Merger Sub, Inc., GTY Investors, LLC,
Harry L. You, and Stephen J. Rohleder

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| OPENGOV, INC., <br><br> Plaintiff, <br><br> v. <br><br> GTY TECHNOLOGY HOLDINGS INC., a Cayman Islands exempted company, GTY GOVTECH, INC., a Massachusetts corporation, GTY TECHNOLOGY MERGER SUB, INC., a Delaware limited liability company, GTY INVESTORS, LLC, a Delaware limited liability company, HARRY L. YOU, an individual, STEPHEN J. ROHLEDER, an individual, and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO._____ <br><br> [State Case No. 18-CIV-06264 <br> Filed: November 20, 2018] <br><br> **NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** <br><br> [28 U.S.C. §§ 1332, 1441 and 1446] <br><br> Date: <br> Time: <br> Courtroom: <br> Judge: |

NOTICE OF REMOVAL OF ACTION                                                                    CASE NO.:_____

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**: Please take notice that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants GTY TECHNOLOGY HOLDINGS INC., GTY GOVTECH, INC., GTY TECHNOLOGY MERGER SUB, INC., GTY INVESTORS, LLC, HARRY L. YOU, and STEPHEN J. ROHLEDER hereby give notice of removal of this action, captioned *OpenGov, Inc. v. GTY Technology Holdings Inc. et al.*, bearing case number 18-CIV-06264, from the Superior Court of the State of California in and for the County of San Mateo, to the United States District Court for the Northern District of California.

Pursuant to 28 U.S.C. § 1446(a), the Defendants have attached hereto as **Exhibit 1** all of the process, pleadings, and orders in the action that have been served on Defendants in this action to date.

As the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), Defendants state as follows:

## BACKGROUND

1. On November 20, 2018, Plaintiff OpenGov, Inc. (a Delaware corporation with its principal place of business in California) ("OpenGov" or "Plaintiff"), filed a Complaint against GTY TECHNOLOGY HOLDINGS INC. (a Cayman Islands exempted company with its principal place of business in Nevada) ("GTY Holdings"), GTY GOVTECH, INC. (a Massachusetts corporation with its principal place of business in Nevada) ("New GTY"), GTY TECHNOLOGY MERGER SUB, INC. (a Delaware corporation with its principal place of business in Nevada) ("Merger Sub"), GTY INVESTORS, LLC (a Delaware limited liability company with its principal place of business in Nevada) ("GTY Investors"), HARRY L. YOU (an individual who is a citizen of New Hampshire) and STEPHEN J. ROHLEDER (an individual who is a citizen of Texas) in the Superior Court of the State of California in and for the County of San Mateo.[1]

---

[1] On November 19, 2018, before this action was commenced, GTY Technology Holdings Inc., GTY Govtech, Inc., Stephen J. Rohleder and Harry L. You filed an action against OpenGov, Inc. in the United States District Court for the Southern District of New York seeking declarations that a certain confidentiality agreement between GTY Holdings and OpenGov has not been breached, that certain information is not confidential, proprietary and/or trade secret information of OpenGov, and that there is no enforceable agreement between GTY Holdings and OpenGov related to an acquisition of OpenGov by GTY Holdings. This case is captioned *GTY Technology Holdings Inc., et al. v. OpenGov, Inc.*, No. 1:18-cv-10854 (filed on November 19, 2018).

2. In its Complaint, Plaintiff OpenGov claims that GTY Holdings's forthcoming business combination -- pursuant to which GTY Holdings plans to acquire six best-in-class companies, and not acquire OpenGov -- purportedly breaches a confidentiality agreement between OpenGov and GTY Holdings.  That Confidentiality Agreement was entered on May 9, 2017.

3. OpenGov claims that it should receive certain consideration or equitable relief related to the business combination transaction announced by GTY Holdings.  In particular, OpenGov purports to assert claims under California law for breach of contract, inducing breach of contract, fraud, and misappropriation of trade secrets related to a business combination transaction announced by GTY Holdings.  It is evident on the face of OpenGov's Complaint that such claims under California law are groundless, because OpenGov and GTY Holdings agreed in the Confidentiality Agreement that New York law shall govern any disputes arising from or related to the agreement:

> This Agreement and all matters arising from or relating to this Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to the conflict of law principles thereof.

(Confidentiality Agreement ¶ 7.)

4. OpenGov asserts its claims against GTY Holdings, GTY Govtech, Inc. (the entity into which the business combination ultimately will be merged), and two individuals associated with those entities, Harry L. You and Stephen J. Rohleder.

5. In addition to those properly joined defendants, OpenGov also fraudulently joined two defendants, Merger Sub (a corporation formed for the purpose of effecting the transaction) and GTY Investors (a limited liability company that holds an interest in GTY Holdings).  Although the Complaint names Merger Sub and GTY Investors as defendants, the Complaint alleges no plausible facts suggesting any wrongdoing by those Defendants.  Therefore, the citizenship of Merger Sub and GTY Investors should be ignored under the fraudulent joinder doctrine for purposes of determining diversity jurisdiction.

## VENUE AND JURISDICTION

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a) because the Superior Court of the State of California in and for the County of San Mateo, where the Complaint was filed, is a state court within the Northern District of California.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and the properly joined Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## I. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND THE PROPERLY JOINED DEFENDANTS

8. There is complete diversity of citizenship here because (a) Plaintiff is a citizen of Delaware and California and (b) the properly joined defendants are citizens of the Cayman Islands, Massachusetts, Nevada, New Hampshire and Texas, *see* Section I.A *infra*. The citizenship of Merger Sub and GTY Investors is irrelevant for purposes of diversity jurisdiction because they were fraudulently joined, *see* Section I.B *infra*.

### A. **Plaintiff OpenGov Is Diverse From The Properly Joined Defendants**

#### 1. **Plaintiff OpenGov Is A Citizen Of Delaware And California**

9. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

10. Plaintiff OpenGov alleges that it is a corporation organized under the laws of the State of Delaware and maintains its principal place of business at 955 Charter Street, Redwood City, California. (Compl. ¶ 16.)

#### 2. **Defendant New GTY Is Of Diverse Citizenship To Plaintiff OpenGov**

11. New GTY is a foreign company organized under the laws of the Cayman Islands with its principal place of business at 1180 North Town Center Drive, Suite 100, Las Vegas, Nevada. (*Id.* ¶ 17.)

12. Accordingly, New GTY is of diverse citizenship to Plaintiff OpenGov.

#### 3. **Defendant GTY GovTech Is Of Diverse Citizenship To Plaintiff OpenGov**

13. GTY GovTech is a corporation organized under the laws of Massachusetts with its principal place of business at 1180 North Town Center Drive, Suite 100, Las Vegas, Nevada. (*Id.* ¶ 18.)

14. Accordingly, GTY Govtech is of diverse citizenship to Plaintiff OpenGov.

    **4.    Defendant You Is Of Diverse Citizenship To Plaintiff OpenGov**

15. Defendant You is an individual who is a citizen of New Hampshire.  (*Id.* ¶ 21.)

16. Accordingly, You is of diverse citizenship to Plaintiff OpenGov.

    **5.    Defendant Rohleder Is Of Diverse Citizenship To Plaintiff OpenGov**

17. Defendant Rohleder is an individual who is a citizen of Texas.  (*Id.* ¶ 22.)

18. Accordingly, Rohleder is of diverse citizenship to Plaintiff OpenGov.

    **6.    Defendants Does 1 through 50 Are Disregarded For Diversity Purposes**

19. In determining whether this action is removable based on diversity of citizenship, the "citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b).

20. Accordingly, the citizenship of Defendants Does 1 through 50 is disregarded.  (Compl. ¶ 23.)

**B.    The Citizenship Of Defendants Merger Sub And GTY Investors Should Be Disregarded Because They Were Fraudulently Joined**

21. The citizenship of Defendants Merger Sub and GTY Investors should be disregarded because they were fraudulently joined.

22. Merger Sub is corporation organized under the laws of Delaware with its principal place of business at 1180 North Town Center Drive, Suite 100, Las Vegas, Nevada.  (*Id.* ¶ 19.)

23. GTY Investors is a Delaware limited liability company with its principal place of business at 1180 North Town Center Drive, Suite 100, Las Vegas, Nevada.  (*Id.* ¶ 20.)  For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").  The members of GTY Investors are citizens of the states of Arizona, California, Hawaii, Maryland, Massachusetts, Nebraska, Nevada, New Hampshire, New Jersey, New York, and Texas.

24. The citizenship of Merger Sub and GTY Investors should be ignored because they are fraudulently joined in this action.  Under the doctrine of fraudulent joinder, "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of

determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal quotations omitted) (affirming district court's finding that a defendant was fraudulently joined where the plaintiff's state court complaint failed to allege facts establishing a claim upon which relief could be granted).

25. As to Merger Sub, the Complaint merely (a) identifies Merger Sub as a party and states that Defendant You is one of its officers (Compl. Introductory Paragraph & ¶¶ 19, 83), (b) alleges that Merger Sub will be used "to effectuate the transaction" (*id.* ¶ 74), (c) states that OpenGov seeks a constructive trust over OpenGov's alleged interest in Merger Sub (*id.* ¶ 15 & Prayer for Relief) and (d) alleges in conclusory fashion -- without any factual allegations -- that Merger Sub purportedly knew of a confidentiality agreement and somehow caused GTY Holdings to engage in certain conduct (*id.* ¶¶ 83-86). The absence of specific allegations of wrongdoing against Merger Sub is not surprising considering that entity was formed only recently on August 30, 2018 to, as the Complaint alleges, "effectuate the transaction." (*See id.* ¶ 74.)

26. As to GTY Investors, the Complaint merely (a) identifies GTY Investors as a party and states that three individuals established GTY Investors as the promotor of GTY Holdings (*id.* Introductory Paragraph & ¶¶ 20, 33, 83), (b) include GTY Investors as a bracketed, definitional term in a quotation from a press release (*id.* ¶ 71), and (c) alleges in conclusory fashion -- without any factual allegations -- that GTY Investors purportedly knew of a confidentiality agreement and somehow caused GTY Holdings to engage in certain conduct. (*Id.* ¶¶ 83-86.)

27. Because Plaintiff OpenGov has failed to plead facts supporting any plausible claims against Merger Sub and GTY Investors, *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court should find that the fraudulent joinder doctrine applies and disregard the citizenship of Merger Sub and GTY Investors.

28. In sum, because Plaintiff OpenGov is a citizen of Delaware and California, and because the properly joined Defendants are citizens of the Cayman Islands, Massachusetts, Nevada, New Hampshire and Texas, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a).

## II. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

29. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). The "notice of removal may assert the amount in controversy if the initial pleading seeks nonmonetary relief." 28 U.S.C. § 1446(c)(2). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 553.

30. The Complaint alleges that (a) OpenGov believed "GTY Holdings would acquire OpenGov for $225-$250 million in cash and stock" (Compl. ¶ 9), (b) there was discussion of a "proposed transaction whereby GTY Holdings would use its $550 million SPAC Trust Account to acquire OpenGov and to finance the acquisition of one or more complimentary companies" (*id.* ¶ 4), and (c) "GTY Holdings had entered into definitive agreements to acquire for $497 million six companies" (*id.* ¶ 11).

31. OpenGov's Complaint seeks monetary damages and nonmonetary relief, including "preliminary and permanent injunctive relief." (*Id.* ¶ 15 & Prayer for Relief.)

32. As such, the amount in controversy exceeds $75,000, exclusive of interest or costs.

## III. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A. This Notice Of Removal Is Timely Filed

33. This Notice of Removal is timely filed. The notice of removal of a civil action or proceeding "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28. U.S.C. § 1446(b)(1).

34. The Defendants obtained the Complaint on November 21, 2018. Plaintiff then effected service of process on Defendants on November 28, 2018. The Defendants filed this Notice of Removal the very same day, on November 28, 2018. Removal is therefore timely. *See* 28 U.S.C.

§ 1446(b)(1).

**B.     All Properly Joined And Served Defendants Consent To Removal**

35.     For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

36.     Properly joined and served Defendants GTY Technology Holdings Inc., GTY Govtech, Inc., Harry L. You, and Stephen J. Rohleder consent to removal.  Improperly joined and served Defendants GTY Technology Merger Sub, Inc. and GTY Investors, LLC consent to removal to the extent their consent is needed.

37.     By filing this Notice of Removal, no Defendant waives any defense that may be available to them and the Defendants expressly reserve all such defenses.  If any question arises as to the propriety of the removal to this Court, Defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

38.     Written notice of the filing of this Notice of Removal will be given to the adverse parties and the California state court as required by 28 U.S.C. § 1446(d).

**CONCLUSION**

WHEREFORE, Defendants hereby remove this action to the United States District Court in the Northern District of California.

DATED: November 28, 2018

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:     /s/ Allen Ruby
Allen Ruby
Attorneys for GTY Technology
Holdings Inc., GTY Govtech, Inc.,
GTY Technology Merger Sub, Inc., GTY
Investors, LLC, Harry L. You, and Stephen J. Rohleder