ALLEN RUBY (SBN 47109)
Allen.Ruby@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:  (650) 470-4500
Facsimile:  (650) 470-4570

JAMES R. CARROLL (*pro hac vice* pending)
James.Carroll@skadden.com
CHRISTOPHER G. CLARK (*pro hac vice* pending)
Christopher.Clark@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Facsimile:   (617) 573-4822

Attorneys for
Defendants GTY Technology
Merger Sub, Inc. and GTY Investors, LLC

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| OPENGOV, INC., | ) CASE NO.:  3:18-cv-07198-JSC |
| Plaintiff, | ) |
| v. | ) |
| GTY TECHNOLOGY HOLDINGS INC., a Cayman Islands exempted company, GTY GOVTECH, INC., a Massachusetts corporation, GTY TECHNOLOGY MERGER SUB, INC., a Delaware limited liability company, GTY INVESTORS, LLC, a Delaware limited liability company, HARRY L. YOU, an individual, STEPHEN J. ROHLEDER, an individual, and DOES 1 through 50, inclusive, | ) **DEFENDANTS GTY TECHNOLOGY MERGER SUB, INC. AND GTY INVESTORS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Defendants. | ) Date:      February 28, 2019 |
| | ) Time:      9:00 a.m. |
| | ) Location:  Courtroom F, 15th Floor |
| | ) Judge:     Hon. Jacqueline Scott Corley |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 28, 2019 at 9:00 a.m., or as soon thereafter as the matter may be heard at the above-entitled Court, located at Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants GTY Technology Merger Sub, Inc. and GTY Investors, LLC (collectively, the "Moving Defendants") will move the Court for an order dismissing them from this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief.[1]

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Allen Ruby in Support of Defendants GTY Technology Merger Sub, Inc. and GTY Investors, LLC's Motion To Dismiss Complaint, the [Proposed] Order, any oral argument heard by the Court, and such other matters as the Court may consider.

DATED: January 4, 2019

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Allen Ruby_____
Allen Ruby
Attorneys for GTY Technology
Merger Sub, Inc. and GTY Investors, LLC

---

[1] The remaining defendants in this action, GTY Technology Holdings, Inc., GTY Govtech, Inc., Harry L. You and Stephen J. Rohleder, will respond to the Complaint within 14 days after this Court's ruling on OpenGov, Inc.'s Motion to Remand, Defendants' Motion to Transfer or Stay, and this Motion, as required by the schedule entered by the Court.  (*See* ECF No. 18.)

1

## TABLE OF CONTENTS

2  TABLE OF AUTHORITIES ...................................................................................................... ii

3  MEMORANDUM OF POINTS AND AUTHORITIES .................................................................1

4  PRELIMINARY STATEMENT ...................................................................................................1

5  BACKGROUND ..........................................................................................................................2

6
        A.      GTY Holdings Is Established For
7                The Purpose Of Effecting A Business Combination ......................................2

8       B.      GTY Holdings Enters Into Discussions With
9                Numerous Potential Target Companies, Including OpenGov ........................3

        C.      GTY Holdings Forms Merger Sub (A Shell Company) After The Alleged
10               Wrongdoing Ended, In Anticipation Of Potentially Effectuating A Transaction..........3

11      D.      GTY Holdings Enters Into Agreements To Acquire Six Businesses ............................4

12      E.      OpenGov Files This Action Against A Group Of Individuals
13               And Entities Lumped Together As The "GTY Defendants" .........................4

14  LEGAL STANDARD ....................................................................................................................5

15  ARGUMENT ................................................................................................................................5

16  I.      THE COMPLAINT FAILS TO PLEAD FACTS SUPPORTING
            OPENGOV'S CLAIMS AGAINST MERGER SUB AND GTY INVESTORS .....................5

17
18  II.     OPENGOV'S FRAUD CLAIM FAILS TO
            SATISFY RULE 9(b)'S HEIGHTENED PLEADING STANDARD ....................................7

19  CONCLUSION..............................................................................................................................8

20

21

22

23

24

25

26

27

28

DEFS. GTY TECH. MERGER SUB AND GTY INVESTORS' MOTION TO DISMISS    CASE NO.:  3:18-cv-07198-JSC

## TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(S)**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)...........................................................................................5, 7

*Bell Atlantic Corporation v. Twombly*,
 550 U.S. 544 (2007).............................................................................................5

*Cheery Way (USA), Inc. v. Duong*,
 No. C12-0486, 2012 WL 1670172 (N.D. Cal. May 14, 2012) ....................................7

*DocMagic, Inc. v. Ellie Mae, Inc.*,
 745 F. Supp. 2d 1119 (N.D. Cal. 2010) ...................................................................6

*Experian Marketing Solutions, Inc. v. List Service Direct, Inc.*,
 No. SACV 09-01375, 2010 WL 11595830 (C.D. Cal. Apr. 21, 2010) .........................6

*Kearns v. Ford Motor Co.*,
 567 F.3d 1120 (9th Cir. 2009) ...............................................................................5

*Kennedy v. World Savings Bank, FSB*,
 No. 14-cv-05516, 2015 WL 1814634 (N.D. Cal. Apr. 21, 2015).................................7

*Levitt v. Yelp! Inc.*,
 765 F.3d 1123 (9th Cir. 2014) ...............................................................................2

*Seaman v. Valley Health Care Medical Group, Inc.*,
 No. CV-09-8532, 2011 WL 13213625 (C.D. Cal. Apr. 25, 2011) .........................6, 8

*Sobol v. Hartford*,
 No. LA CV 16-08579, 2017 WL 3000010 (C.D. Cal. Apr. 12, 2017) .......................6

*Swartz v. KPMG LLP*,
 476 F.3d 756 (9th Cir. 2007) .................................................................................5

*Wynn v. Chanos*,
 75 F. Supp. 3d 1228 (N.D. Cal. 2014) ....................................................................2


**RULES**                                                                 **PAGE(S)**

Federal Rule of Civil Procedure 8(a)(2) ....................................................................5

Federal Rule of Civil Procedure 9(b)...............................................................1, 5, 7

Federal Rule of Civil Procedure 12(b)(6) ..............................................................2, 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>REGULATIONS</u>**                                                                                    **<u>PAGE(S)</u>**

17 C.F.R. § 230.405.................................................................................................................2

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

3   OpenGov, Inc.'s ("OpenGov") Complaint fails to allege *any* facts asserting that either GTY

4   Technology Merger Sub, Inc. ("Merger Sub") or GTY Investors, LLC ("GTY Investors") (collectively,

5   the "Moving Defendants") had *any* role in any of the alleged wrongdoing set forth in the Complaint.

6   The absence of such allegations against those two Defendants results from the uncontested facts that:

7   (i) Merger Sub is a shell company that was created after the wrongdoing alleged by OpenGov

8   occurred, in anticipation of potentially effectuating a corporate transaction that has not yet occurred;

9   and (ii) GTY Investors only contributed capital to Defendant GTY Technology Holdings, Inc. ("GTY

10   Holdings") and agreed to pay certain costs incurred by it, matters that are wholly unrelated to any of

11   the alleged conduct underlying OpenGov's claims.

12   The absence of Merger Sub's or GTY Investors' involvement in the alleged wrongdoing is

13   confirmed by the Complaint's scant references to those entities.  Rather than attributing any wrongful

14   acts or omissions to these Defendants, the Complaint resorts to making broad allegations against all of

15   the so-called "GTY Defendants" collectively and without differentiation.  Such group pleading is

16   inadequate as a matter of law and warrants dismissal.  Because the Complaint does not identify any

17   alleged wrongdoing by Merger Sub or GTY Investors, or indeed attribute any conduct related to the

18   alleged wrongdoing by other Defendants to them, the Complaint should be dismissed as to them.

19   Additionally, OpenGov fails to satisfy the heightened pleading standard applicable to its

20   purported fraud claim.  The Complaint fails to plead, as required by Rule 9(b), the particular

21   circumstances of either Merger Sub's or GTY Investors' involvement in any allegedly fraudulent

22   conduct.  OpenGov's failure to satisfy this heightened pleading standard requires dismissal of its fraud

23   claim as to Merger Sub and GTY Investors.

24   For these reasons, the Complaint fails to allege claims against Merger Sub and GTY Investors

25   and they should be dismissed from this action.

26
27
28

# BACKGROUND[2]

### A.   GTY Holdings Is Established For
### The Purpose Of Effecting A Business Combination

In August 2016, GTY Holdings was founded as a special purpose acquisition company ("SPAC").  (Compl. ¶ 31.)  A SPAC is a publicly-traded company that raises capital through an initial public offering ("IPO") for the purpose of completing an acquisition, merger or other business combination.  (*Id.* ¶ 32.)

In late 2016, GTY Holdings completed an IPO and raised more than $550 million that it could use to complete such a transaction.  (*Id.* ¶ 34.)  In connection with the IPO, GTY Investors served as GTY Holdings's designated "promoter" or "sponsor."  (*Id.* ¶¶ 33, 71.)  "Promoter" is a defined term under Rule 405 of the Securities Act of 1933 and its implementing regulations.[3]  In that limited role, GTY Investors made the initial capital investment in GTY Holdings and committed to cover certain costs associated with the IPO and other administrative expenses.  (Ruby Decl., Ex. 1 (GTY Holdings Prospectus, dated Oct. 26, 2016), at 44, 59, 65.)  The Complaint does not allege that GTY Investors was involved in any subsequent discussions with OpenGov, with any potential target for GTY Holdings's business combination, or otherwise played any other role in GTY Holdings's plans to complete a transaction (nor could OpenGov make such allegations).

---

[2]    The facts outlined herein are based upon the well-pleaded allegations in the Complaint, the truth of which are assumed solely for purposes of this motion, and upon matters of public record that are subject to judicial notice.  *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (assuming truth of sufficiently-pled, plausible allegations for purposes of 12(b)(6) motion); *Wynn v. Chanos*, 75 F. Supp. 3d 1228, 1235 (N.D. Cal. 2014) (noting that matters of public record, including documents filed with the SEC such as a Form 8-K, are properly subject to judicial notice on a motion to dismiss).  The Declaration of Allen Ruby filed herewith transmits to the Court three public records that may be considered on this motion.  *See Wynn*, 75 F. Supp. 3d at 1235.

[3]    17 C.F.R. § 230.405 (defining "promoter" as "[a]ny person who, acting alone or in conjunction with one or more other persons, directly or indirectly takes initiative in founding and organizing the business or enterprise of an issuer;" or "[a]ny person who, in connection with the founding and organizing of the business or enterprise of an issuer, directly or indirectly receives in consideration of services or property, or both services and property, 10 percent or more of any class of securities of the issuer or 10 percent or more of the proceeds from the sale of any class of such securities").

DEFS. GTY TECH. MERGER SUB AND GTY INVESTORS' MOTION TO DISMISS   CASE NO.:  3:18-cv-07198-JSC

### B.   GTY Holdings Enters Into Discussions With Numerous Potential Target Companies, Including OpenGov

After the IPO was completed, GTY Holdings engaged in extensive discussions with numerous potential business combination candidates across many sectors of the technology space.  (Ruby Decl., Ex. 1 (GTY Holdings Prospectus, dated Oct. 26, 2016), at 3.)  After identifying the sector of software services to governmental entities as promising for a potential business combination, in April 2017, GTY Holdings entered into discussions with OpenGov.  (Compl. ¶ 35.)

On May 9, 2017, GTY Holdings and OpenGov entered into a confidentiality agreement related to those discussions (the "Confidentiality Agreement").  (*Id.* ¶ 37.)  Merger Sub and GTY Investors are *not* parties to the Confidentiality Agreement (and are not alleged to be).  The discussions between GTY Holdings and OpenGov continued into 2018, when GTY Holdings sent OpenGov two successive draft, non-binding letters of intent to enter into a potential transaction, neither of which OpenGov signed (or even marked up and returned).  (*Id.* ¶¶ 39, 60, 66.)  In July 2018, GTY Holdings informed OpenGov of its decision not to acquire OpenGov.  (*Id.* ¶¶ 68, 70.)  GTY Holdings instead decided to acquire six other companies.  (*Id.* ¶¶ 68-70.)

### C.   GTY Holdings Creates Merger Sub (A Shell Company) After The Alleged Wrongdoing Ended, In Anticipation Of Potentially Effectuating A Transaction

In anticipation of potentially effectuating the proposed business combination, GTY Holdings formed new shell companies.  One of those companies was Merger Sub, which was created on August 30, 2018 "for the sole purpose" of the transaction.  (Ruby Decl., Ex. 2 (Merger Sub Certificate of Incorporation); Ruby Decl., Ex. 3 (Sept. 12, 2018 Current Report (Form 8-K)), at Item 1.01 and Exhibits 2.1-2.7.)  Because Merger Sub was formed in August 2018, it was not involved in (and could not have been involved in) any of the discussions between OpenGov and GTY Holdings, which concluded in July 2018.  (Compl. ¶ 68; Ruby Decl., Ex. 2 (Merger Sub Certificate of Incorporation).)  The Complaint contains no allegations that Merger Sub was involved in any discussions with OpenGov or participated in any of the events described in the Complaint (nor could OpenGov make such allegations).

1

### D.   GTY Holdings Enters Into Agreements To Acquire Six Businesses

2   On September 12, 2018, GTY Holdings publicly announced that it had entered into definitive

3   agreements to acquire six companies.  (Compl. ¶ 69.)  OpenGov was not one of those companies.  (*Id.*

4   ¶¶ 68, 70.)  Neither Merger Sub nor GTY Investors are parties to, or signatories of, the definitive

5   agreements between GTY Holdings and any of the six companies to be acquired.  (Ruby Decl., Ex. 3

6   (Sept. 12, 2018 Current Report (Form 8-K)), Exhibits 2.1-2.7.)

7   ### E.   OpenGov Files This Action Against A Group Of Individuals
      And Entities Lumped Together As The "GTY Defendants"

8

9   On November 20, 2018, OpenGov commenced this suit in the Superior Court of the State of

10  California.  The Complaint asserts causes of action for (i) breach of contract against GTY Holdings

11  only; (ii) inducing breach of contract against the remaining undifferentiated group that OpenGov refers

12  to collectively as the "GTY Defendants;" (iii) fraud against all of the GTY Defendants; and (iv) trade

13  secret misappropriation against all of the GTY Defendants.  (Compl. ¶¶ 75-104.)  On November 28,

14  2018, defendants removed this action to this Court.  (*See* ECF No. 1.)

15  The Complaint impermissibly aggregates all defendants into one undifferentiated group of

16  "GTY Defendants" and asserts causes of action against them collectively.  The Complaint is devoid of

17  any facts alleging that OpenGov could be entitled to any relief from Merger Sub or GTY Investors.  As

18  to Merger Sub, the Complaint merely:

19
20  - identifies Merger Sub as a party and states that Defendant Harry L. You is one of its officers (Compl. Introductory Paragraph & ¶¶ 19, 83);

21  - alleges that Merger Sub will be used "to effectuate the transaction" (*id.* ¶ 74);

22  - states that OpenGov seeks a collective trust over OpenGov's alleged interest in Merger Sub (*id.* ¶ 15 & Prayer for Relief); and

23
24  - alleges in conclusory fashion -- without any factual allegations -- that Merger Sub purportedly knew of the Confidentiality Agreement and somehow caused GTY Holdings to engage in certain conduct (*id.* ¶¶ 83-86).

25  And as to GTY Investors, the Complaint only:

26  - identifies GTY Investors as a party and states that three individuals established GTY Investors as the "promoter" of GTY Holdings (*id.* Introductory Paragraph & ¶¶ 20, 33, 83);

27
28  - includes GTY Investors as a bracketed, definitional term in a quotation from a press release (*id.* ¶ 71); and

4

- alleges in conclusory fashion -- without any factual allegations -- that GTY Investors purportedly knew of the Confidentiality Agreement and somehow caused GTY Holdings to engage in certain conduct (*id.* ¶¶ 83-86).

The absence of specific allegations against Merger Sub and GTY Investors confirms that neither entity had any role in the alleged conduct underlying OpenGov's claims.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief."  This standard does not require "detailed factual allegations," but "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*  The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration, citation, and internal quotation marks omitted).

OpenGov's fraud claim is subject to additional, heightened pleading requirements under Rule 9(b), which requires that a complaint plead the "circumstances constituting fraud" with "particularity." Fed. R. Civ. P. 9(b).  To satisfy Rule 9(b), a plaintiff must plead the "who, what, when, where, and how" of the allegedly fraudulent conduct. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) ("[A] fraud [claim] against differently situated defendants must identify the role of each defendant in the alleged fraudulent scheme." (alterations and internal quotation marks omitted)).

## ARGUMENT

**I.**   **THE COMPLAINT FAILS TO PLEAD FACTS SUPPORTING OPENGOV'S CLAIMS AGAINST MERGER SUB AND GTY INVESTORS**

OpenGov's Complaint fails to plead *any facts* asserting any plausible claims against Merger

5

1    Sub and GTY Investors.  California federal courts have not hesitated to dismiss these types of claims

2    where plaintiffs have failed to plead sufficient supporting facts.  For example, in *Seaman v. Valley*

3    *Health Care Medical Group, Inc.*, No. CV-09-8532, 2011 WL 13213625 (C.D. Cal. Apr. 25, 2011),

4    the court dismissed several claims, including a claim for intentional interference with contractual

5    relations where the complaint "suffer[ed] from a fatal lack of specificity."  *Id.* at *3.[4]  The court noted

6    that the crossclaimant pleaded in conclusory fashion that the "Cross-Defendants" -- as a group --

7    intended to disrupt certain contractual relationships, but "aver[red] no facts regarding the actions that

8    each Cross-Defendant took with respect to any particular contract."  *Id.*  The court concluded that "this

9    bald assertion strikes the Court as the type of 'unadorned, the defendant-unlawfully-harmed-me' that

10   the Supreme Court has deemed insufficient to state a plausible claim for relief."  *Id.*

11        Similarly, in *Experian Marketing Solutions, Inc. v. List Service Direct, Inc.*, No. SACV 09-

12   01375, 2010 WL 11595830, at *2 (C.D. Cal. Apr. 21, 2010), the court dismissed the plaintiff's trade

13   secret misappropriation claim where the complaint failed to explain how the defendant "acquired,

14   disclosed or used" the purported trade secrets.  *Id.* at *2.  The court held that in the absence of such

15   facts, the complaint failed to provide the requisite notice of entitlement to relief required by Rule 8.  *Id.*

16        Regardless of the type of substantive claim, a motion to dismiss should be granted where there

17   is a complete absence of factual allegations connecting a defendant to any alleged wrongdoing.  *See*

18   *Sobol v. Hartford*, No. LA CV 16-08579, 2017 WL 3000010, at *2, 3 (C.D. Cal. Apr. 12, 2017)

19   (dismissing defendant where the complaint "ma[de] few references to her" and did not "describe any of

20   her alleged actions").

21        In this case, the Complaint contains no factual allegations that Merger Sub or GTY Investors

22   engaged in any misconduct, let alone plausible factual allegations articulating claims for inducing

23   breach of contract, fraud and trade secret misappropriation *as to Merger Sub and GTY Investors*.  As to

24   Merger Sub, the Complaint fails to plausibly show how that entity induced any breach of any contract,

25

26   _____

     [4]      A cause of action for intentional interference with contractual relations is identical to one for

27   inducing breach of contract, which OpenGov purports to assert here.  *See DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1143, 1153 (N.D. Cal. 2010) (dismissing claim for inducing breach of

28   contract where complaint lacked sufficient supporting factual allegations).

DEFS. GTY TECH. MERGER SUB AND GTY INVESTORS' MOTION TO DISMISS   CASE NO.:  3:18-cv-07198-JSC

1   how it played any role in any fraudulent scheme against OpenGov,[5] or how it misappropriated any of

2   OpenGov's purported trade secrets.   (Compl. ¶¶ 83-86, 89, 97-104.)   As to GTY Investors, the

3   Complaint similarly fails to plausibly allege how GTY Investors is liable for any of the claims

4   asserted.  Here again, the Complaint is devoid of any facts alleging GTY Investors was involved with

5   any alleged misconduct or any of the specific claims that OpenGov purports to assert.  In sum, the

6   skeletal, conclusory allegations in the Complaint are inadequate as a matter of law and do not plausibly

7   suggest that Merger Sub or GTY Investors are liable for any of the alleged wrongdoing. *See Iqbal*, 556

8   U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

9   statements, do not suffice.").   Merger Sub and GTY Investors should accordingly be dismissed from

10   this action.

11   **II.    OPENGOV'S FRAUD CLAIM FAILS TO**
        **SATISFY RULE 9(b)'S HEIGHTENED PLEADING STANDARD**

12

13       OpenGov's fraud claim fails to satisfy Rule 9(b)'s heightened pleading standard because it

14   impermissibly lumps all of the GTY Defendants together, without specifying with particularity the role

15   of Merger Sub and GTY Investors in the alleged fraud.  For that reason, OpenGov's fraud claim against

16   Merger Sub and GTY Investors should be dismissed. *See*, *e.g.*, *Cheery Way (USA), Inc. v. Duong*, No.

17   C12-0486, 2012 WL 1670172, at *6 (N.D. Cal. May 14, 2012) (Corley, M.J.) (dismissing fraud claim

18   that lacked specific allegations against moving defendants because "[a] complaint shot through with

19   general allegations that the 'defendants' engaged in fraudulent conduct' does not comply with Rule

20   9(b)" (internal quotation marks omitted)).

21       This Court's decision in *Kennedy v. World Savings Bank, FSB*, No. 14-cv-05516, 2015 WL

22   1814634, at *8 (N.D. Cal. Apr. 21, 2015) (Corley, M.J.), granting a motion to dismiss a fraud claim

23   asserted against a group of defendants, is instructive.  In that case, a homeowner plaintiff alleged that

24   multiple defendants, with varying interests in the homeowner's mortgage note, intentionally

25   misrepresented that they were entitled to exercise the power of sale provision in the homeowners deed,

26

27   [5]       As discussed in more detail in Section II below, OpenGov's fraud claim -- which is currently
       pled against each of the "GTY Defendants" in the aggregate -- is not pled with particularity as required
28   under Fed. R. Civ. P. 9(b), and is thus particularly deficient.

1  among other things.  This Court dismissed the homeowner's fraud claim for failure to plead with

2  particularity because the homeowner "fail[ed] to include what specific misrepresentations he imputes

3  to each Defendant; instead, he improperly lumps all Defendants together and fails to assert that any

4  one Defendant made any particular misrepresentation or false statements."  *Id.*[6]

5       Similarly here, the Complaint merely alleges that the entire group of "GTY Defendants made

6  numerous intentional misrepresentations of fact and material omissions," but fails to allege what

7  misrepresentations or omissions Merger Sub and GTY Investors are alleged to have made.  (*See*

8  Compl. ¶ 89.)  In fact, the Complaint does not attribute *any statements or representations* to Merger

9  Sub or GTY Investors at all.  Accordingly, because OpenGov improperly lumps the GTY Defendants

10 together and fails to include particularized allegations as to Merger Sub and GTY Investors,

11 OpenGov's fraud claim should be dismissed as to them.

12                                    **<u>CONCLUSION</u>**

13      For the foregoing reasons, the Moving Defendants respectfully request that the Court grant

14 their motion to dismiss Merger Sub and GTY Investors from this action for failure to state a claim.

15 DATED: January 4, 2019

16                                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

17                          By:  _____/s/ Allen Ruby_____
                                          Allen Ruby
18                              Attorneys for GTY Technology
                              Merger Sub, Inc. and GTY Investors, LLC
19

20

21

22

23

24

25

26

---

27 [6]      *See also Seaman*, 2011 WL 13213625, at *3 (granting motion to dismiss fraud claim asserted against multiple parties where the allegations failed to "identify the specific party to any allegedly
28 fraudulent statements" and did not "aver when and where the alleged misrepresentations were made").

DEFS. GTY TECH. MERGER SUB AND GTY INVESTORS' MOTION TO DISMISS    CASE NO.:  3:18-cv-07198-JSC